HINKLE, FINGLES & PRIOR, ATTORNEYS AT LAW
BY: Hillary D. Freeman, Esq. (HF 4178)
2651 MAIN STREET, SUITE A
LAWRENCEVILLE, NEW JERSEY 08648
(609) 896-4200
Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| L.R., by and through her parents, J.R. and L.R., | CIVIL ACTION |
| Plaintiffs, | Docket No. |
| v. | |
| FREEHOLD REGIONAL HIGH SCHOOL DISTRICT BOARD OF EDUCATION | **COMPLAINT** |
| Defendant. | |

Plaintiffs L.R.,, by and through her parents, J.R. and L.R., whose address is Box 146, Colts Neck, New Jersey 07722, by way of Complaint against Defendant Freehold Regional High School District Board of Education, 11 Pine Street, Englishtown, New Jersey 07726, say:

-1-

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 because Plaintiffs' claims arise under the Constitution and laws of the United States, in particular, the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400 et seq., Section 504 of the Rehabilitation Act of 1973 ("Section 504"), as amended, 29 U.S.C. §794(a), and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12132 et seq.; 20 U.S.C. § 1415(i)(2), which provides jurisdiction over IDEA complaints; 42 U.S.C. §1983; and 28 U.S.C. §§ 2201 and 2202, which authorize this Court to grant declaratory and injunctive relief.

2. Venue in this district is appropriate under 28 U.S.C. §1391(b) because all of the Defendants reside in the district and all of the events or omissions giving rise to Plaintiffs' claims occurred within the district.

3. The Plaintiffs have exhausted their administrative remedies with respect to the matters raised herein and/or resort to administrative remedies would be futile.

## PARTIES

4. Plaintiff L.R. is a twenty two year old individual with disabilities (date of birth: June 13, 1987).

5. L.R. has been diagnosed with autism.

6. Plaintiffs J.R. and L.R. ("the parents") are the natural parents of L.R.

7. At all times relevant, L.R. has been classified as Eligible for Special Education and Related Services pursuant to the IDEA. She was also eligible for the protections of Section 504 and the ADA.

8. From December 2001 to date, Plaintiffs' legal residence and domicile was in Colts Neck, New Jersey, within the geographical area served educationally by the Defendant.

9. Defendant Freehold Regional High School District Board of Education ("the District") is the legally constituted body corporate responsible for the conduct and supervision of schools in the Township of Colts Neck, New Jersey, pursuant to N.J.S.A. 18A:10-1 et seq. and is a local education agency obligated to observe the requirements of the IDEA pursuant to 20 U.S.C. §1401(15). The District receives federal financial assistance and is a public entity as defined in Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131(1).

## COUNT I

10. Plaintiffs repeat each and every paragraph above as if set forth at length herein.

11. During the 2001-02 school year, a dispute arose as to whether L.R. required a residential placement to receive a free appropriate public education.

12. After extensive settlement efforts, the parties reached an omnibus agreement resolving all outstanding disputes regarding L.R. on December 14, 2001. The terms of the agreement were memorialized in a written agreement which was duly executed by authorized representatives on behalf of each party.

13. In an effort to avoid litigation, the parties entered into an agreement on December 14, 2001 wherein the parents agreed to place L.R. at Bancroft Neurohealth, a residential facility approved by the New Jersey Department of Education for an unspecified period of time. In an effort to defray expenses, the Board agreed to send a payment in the amount of $10,000 to the parents each year as long as L.R. resided at the Bancroft School and the Parents reside within the Freehold Regional High School District Board of Education. (Attached hereto as "Exhibit A").

14. To date, Plaintiffs have not received payment for L.R.'s placement for the 2007-08 school year, which was also L.R.'s final year at Bancroft in accordance with the aforementioned agreement.

15. Plaintiffs have demanded that the Defendants pay all amounts due under the agreement. Defendant has refused or otherwise failed to comply with these requests.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Honorable Court enter Judgment:

1. Directing that the Defendant reimburse the parents in the amount of ten thousand dollars ($10,000.00) expended with respect to L.R.'s placement at Bancroft Neurohealth during the 2007/2008 school year pursuant to the parties' written agreement;

2. Declaring that the Plaintiffs are prevailing parties in their dispute with the Defendant and awarding the Plaintiffs their attorneys' fees and costs of litigation expended in connection with this matter; and

3. Awarding such other relief as is equitable and just.

        Respectfully submitted,

        HINKLE & FINGLES, ATTORNEYS AT LAW
        Attorneys for Plaintiffs

Dated: June 29, 2009    By: _____
                                /s/ Ira M. Fingles, Esq. (IMF 5392)